E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
THOMAS J. MAGAÑA (Cal. Bar No. 324542)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-1344
    Facsimile: (213) 894-0141
    Email:    Thomas.magana@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 23-000230-SVW |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JEFFREY BAIDA |
| v. | |
| JEFFREY BAIDA, | |
| Defendant. | |

1.    This constitutes the plea agreement between JEFFREY BAIDA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

    a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count two of the indictment in United States v. Jeffrey Baida, CR No. 23-000230-SVW,

*LMB*
10/17/2023

which charges defendant with threatening a person assisting federal officers and employees, in violation of 18 U.S.C. § 115(a)(1)(B).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 19 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, threatening a person assisting federal officers and employees, in violation of Title 18, United States Code, Section 115(a)(1)(B), the following must be true: (1) defendant threatened to murder a federal officer or person assisting such an officer or employee, and (2) the defendant did so with the intent to retaliate against that officer or person assisting such an officer or employee on account of the performance of their official duties.

<u>PENALTIES</u>

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 115(a)(1)(B), is: 10 years imprisonment; a 3-year

3

period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable

and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Victims T.C. and E.M. are contracted security guards for the Federal Protective Service ("FPS").  In the morning of April 26, 2023, T.C. and E.M. were assisting officers and employees of the United States in the performance of their official duties and maintaining the safety and security of the Social Security Office

located at 14500 Roscoe Boulevard, Panorama City, in Los Angeles County, within the Central District of California.

On that day, defendant arrived at the Panorama City Social Security Office carrying a backpack and entered the check-in line. Following an altercation, defendant threatened to murder E.M. and T.C. with intent to retaliate against them for the performance of their duties to maintain order and security in the Social Security Office.

As the dispute progressed, E.M. and T.C. pepper sprayed the defendant. After being pepper sprayed, defendant ran toward the exit and pulled the fire alarm, causing the building to be evacuated and forcing the Social Security Office to close, resulting in a substantial disruption to government services.

Shortly after 12 pm the same day, defendant returned to the Social Security Office carrying a shovel handle from which the shovel head had been removed.  Defendant pointed the shovel handle at T.C. and E.M. while making another threat on their lives, and defendant left the facility once T.C. unholstered his firearm.  Defendant threatened to murder T.C. and E.M. with intent to retaliate against them for the performance of their duties to maintain order and security in the Social Security Office, and his conduct in bringing a weapon to the Social Security Office evidenced his intent to carry out that threat.

SENTENCING FACTORS

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set

forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

    11.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a)(1) |
| Conduct evidencing intent to carry out threat | +6 | U.S.S.G. § 2A6.1(b)(1) |
| Substantial disruption to government services | +4 | U.S.S.G. § 2A6.1(b)(4) |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  Defendant understands
that defendant's offense level could be increased if defendant is a
career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
offense level is so altered, defendant and the USAO will not be bound
by the agreement to Sentencing Guideline factors set forth above.

    12.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

    13.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

1

## WAIVER OF CONSTITUTIONAL RIGHTS

2   14.   Defendant understands that by pleading guilty, defendant

3   gives up the following rights:

4           a.    The right to persist in a plea of not guilty.

5           b.    The right to a speedy and public trial by jury.

6           c.    The right to be represented by counsel -- and if

7   necessary have the Court appoint counsel -- at trial.  Defendant

8   understands, however, that, defendant retains the right to be

9   represented by counsel -- and if necessary have the Court appoint

10  counsel -- at every other stage of the proceeding.

11          d.    The right to be presumed innocent and to have the

12  burden of proof placed on the government to prove defendant guilty

13  beyond a reasonable doubt.

14          e.    The right to confront and cross-examine witnesses

15  against defendant.

16          f.    The right to testify and to present evidence in

17  opposition to the charges, including the right to compel the

18  attendance of witnesses to testify.

19          g.    The right not to be compelled to testify, and, if

20  defendant chose not to testify or present evidence, to have that

21  choice not be used against defendant.

22          h.    Any and all rights to pursue any affirmative defenses,

23  Fourth Amendment or Fifth Amendment claims, and other pretrial

24  motions that have been filed or could be filed.

25                      WAIVER OF APPEAL OF CONVICTION

26  15.   Defendant understands that, with the exception of an appeal

27  based on a claim that defendant's guilty plea was involuntary, by

28  pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

16.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 57 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

20.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

10

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

11

1    evidence derived from the statements should be suppressed or are

2    inadmissible.

3              COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4                              OFFICE NOT PARTIES

5         22.  Defendant understands that the Court and the United States

6    Probation and Pretrial Services Office are not parties to this

7    agreement and need not accept any of the USAO's sentencing

8    recommendations or the parties' agreements to facts or sentencing

9    factors.

10        23.  Defendant understands that both defendant and the USAO are

11   free to: (a) supplement the facts by supplying relevant information

12   to the United States Probation and Pretrial Services Office and the

13   Court, (b) correct any and all factual misstatements relating to the

14   Court's Sentencing Guidelines calculations and determination of

15   sentence, and (c) argue on appeal and collateral review that the

16   Court's Sentencing Guidelines calculations and the sentence it

17   chooses to impose are not error, although each party agrees to

18   maintain its view that the calculations in paragraph 11 are

19   consistent with the facts of this case.  While this paragraph permits

20   both the USAO and defendant to submit full and complete factual

21   information to the United States Probation and Pretrial Services

22   Office and the Court, even if that factual information may be viewed

23   as inconsistent with the facts agreed to in this agreement, this

24   paragraph does not affect defendant's and the USAO's obligations not

25   to contest the facts agreed to in this agreement.

26        24.  Defendant understands that even if the Court ignores any

27   sentencing recommendation, finds facts or reaches conclusions

28   different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

25.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        26.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
8    CALIFORNIA

9    E. MARTIN ESTRADA
     United States Attorney

10

11   _____          10/25/2023
                                           _____
12   THOMAS J. MAGAÑA                      Date
     Assistant United States Attorney

13   _____          10/24/23
                                           _____
14   JEFFREY BAIDA                         Date
     Defendant

15   _____          10/24/23
                                           _____
16   JAKE CRAMMER                          Date
     Attorney for Defendant JEFFREY
     BAIDA

17

18

19

20

21

22

23

24

25

26

27

28

                              14

1
CERTIFICATION OF DEFENDANT

2     I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 JEFFREY BAIDA                          10/24/23
    Defendant                              Date

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JEFFREY BAIDA's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____         10/24/23
JAKE CRAMMER                                Date
Attorney for Defendant JEFFREY
BAIDA

16